**Pamela Jo GUEST and Christopher J. Guest, by his mother and next friend, Pamela Jo Guest, Plaintiffs,**

v.

**Susan MOORE, Mary Asbury, and Rebecca Bogard, in their individual capacities, Defendants.**

No. CIV 85–1458–R.

United States District Court, W.D. Oklahoma.

June 24, 1987.

Edward B. Helms, Oklahoma City, Okl., for plaintiffs.

Pamela K. Padley, Oklahoma Department of Human Services, Michael C. Turpen, Atty. Gen. of Okl., Rozia M. McKinney, Asst. Atty. Gen., Edwin F. Garrison, Looney, Nichols, Johnson & Hayes, Tex K. Travis, Oklahoma City, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

This is a § 1983 action involving the seizure of a child suspected of being abused. Defendants filed a motion to dismiss for lack of subject-matter jurisdiction and a motion for summary judgment. After a hearing was held on February 18, 1987, the Court issued a written order deferring a final ruling on the motion to dismiss and motion for summary judgment until supplemental briefing could be completed. Order of February 24, 1987.

Defendants were ordered to brief the following issues:

1) Whether 10 O.S. § 1107(C) (1984 Supp.), requiring that a detained child have a hearing to determine probable cause within one judicial day, applies in this case.

2) If it does, whether such a hearing was timely held.

3) If one was not held, whether DHS employees and the Defendants, in particular, could be held accountable under § 1983.

Defendants' response on the first issue, to which Plaintiff raises no argument, is that 10 O.S. § 1104.1(C) controls over 10

O.S. § 1107(C). Section 1104.1(C) provides that the parents or guardian of a child taken into custody for being deprived are entitled to a hearing within 48 hours of the child being taken into custody.[1] On the other hand, section 1107(C) provides that a child shall not be detained beyond the next judicial day unless a detention hearing has been held to determine if probable cause exists. Section 1107(C) applies to any child

who is found violating any law or ordinance, or whose surroundings are such as to endanger his welfare, or who is willfully and voluntarily absent from his home without the consent of his parent or guardian or legal custodian for a substantial length of time or without intent to return.

Defendants argue that a special statute, such as § 1104.1(C), which makes a specific requirement controls over a general statute, such as § 1107. *State ex rel. Murphy v. Boudreau*, 653 P.2d 531, 534 (Okla.1982) (holding that the Uniform Child Custody Jurisdiction Act controls over previously enacted statute of general application.). Defendants also point out that since § 1107(C) was enacted in 1977 prior to the 1982 enactment of § 1104.1(C), the more recent legislative expressions must be given effect over conflicting prior enactments. *Id.*

However, the fact remains that neither the Defendants nor the Plaintiff briefed the issue of whether a hearing was held. The Court must then assume that no hearing was held within either a judicial day or 48 hours and that the requirements of neither § 1107(C) nor § 1104.1(C) were met.

The determinative issue then becomes whether the Defendants–DHS employees can be held liable under § 1983 because no timely hearing was apparently held. By enacting what is now 10 O.S. § 1107(C),[2] the Legislature specifically provided the police with authority to take minors into custody when it is deemed necessary for the minor's protection, health, and welfare. Op.Atty.Gen. No. 77–304 (April 28, 1978). Defendant's affidavits and the police reports submitted with the motion establish that Plaintiff–Christopher Guest was taken into custody by the police, not by the Defendants.

The Court is satisfied that any possible failure to secure judicial sanction following this emergency removal did not fall outside the range of activity absolutely protected by immunity under *Imbler*[3] and *Butz.*[4] *Meyers v. Contra Costa County Department of Social Services*, 812 F.2d 1154, 1157 (9th Cir.1987). The Defendants, as DHS employees, neither took custody of the child nor had responsibility for securing judicial sanction for such a removal. The Defendants are protected by absolute im-

---

**1.** 10 O.S. § 1104.1(C):

Whenever a child is taken into custody as a deprived child, the parents or guardian of the child are entitled to a hearing within forty-eight (48) hours of the child being taken into custody, and thereafter at such intervals as may be determined by the court, in order to show cause why such child has been taken into custody or why custody should not be remanded to the parents.

**2.** 10 O.S. § 1107(C):

Nothing in Chapter 51 of this title shall be construed as forbidding any peace officer or any employee of the court from immediately taking into custody any child who is found violating any law or ordinance, or whose surroundings are such as to endanger his welfare, or who is willfully and voluntarily absent from his home without the consent of his parent or guardian or legal custodian for a substantial length of time or without intent to return. In every such case the officer or employee taking the child into custody shall immediately report the fact of his detention to a judge of the district court in the county in which the child was taken into custody. If no judge is available locally, then the detention shall be reported immediately to the presiding judge of the judicial administrative district; but if the latter cannot be reached, then to any judge regularly serving within the judicial administrative district, and the case shall then be proceeded with as provided in Chapter 51 of this title, provided that the child shall not be detained in custody beyond the next judicial day unless the court shall so order after a detention hearing to determine if there exists probable cause to detain the child, as provided in Section 18 of this act.

**3.** *Imbler v. Pachtman,* 424 U.S. 409, 430, 96 S.Ct. 984, 995, 47 L.Ed.2d 128, 143 (1976).

**4.** *Butz v. Economou,* 438 U.S. 478, 515, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895, 921 (1978).

**788**

munity from any of the alleged liability under § 1983.

Accordingly, Defendants' motion for summary judgment is granted for Defendants and against Plaintiffs.

IT IS SO ORDERED.